```
 1  LAW OFFICE OF KURT DAVID HERMANSEN
    Kurt David Hermansen, Cal. Bar No. 166349
 2  110 West C Street, Suite 1810
    San Diego, California  92101-3909
 3  Telephone:   (619) 236-8300
    Facsimile:    (619) 236-8400
 4  KDH@KurtDavidHermansen.com
    Attorney for Defendant
 5  CUAUHTLAHTOUAC HERNANDEZ
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08cr1436 LAB |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANT'S RESPONSE AND OPPO-SITION TO GOVERNMENT'S MOTIONS IN LIMINE TO: |
| v. | ) ) ) ) ) ) ) ) ) | (A) exclude witnesses;<br>(B) prohibit reference to punishment, education, health, age, and finances;<br>(C) admit expert testimony;<br>(D) admit duplicates;<br>(E) admit demeanor evidence;<br>(F) limit testimony of character witnesses;<br>(G) preclude expert testimony by defense witnesses; |
| CUAUHTLAHTOUAC HERNANDEZ, | ) ) | |
| Defendant. | ) ) | (H) admit 404(b) evidence; and<br>(I) admit audiotape evidence. |

**I.    STATEMENT OF THE CASE**

As of August 8, 2008, all three of Mr. Hernandez's co-defendants have pleaded guilty to counts 1-3, as alleged in the Indictment. *See* Docket #40, #46, and #53.

Mr. Hernandez is asserting his fundamental right to a jury trial. His jury trial is scheduled for August 19, 2008, before the Honorable Larry A. Burns, United States District Court Judge.

1  II.   **DEFENDANT'S RESPONSE AND OPPOSITION TO THE GOVERNMENT'S
2         MOTIONS IN LIMINE**
3        A.   **If the Court Allows the Government's Case Agent to Be Present During
4             Trial, the Court Should Also Allow Defense Investigator, Maria Marcucilli,
5             to Be Present During Trial.**

6  The government cites Fed. R. Evid. 615(a) to support its proposition that its case agent
7  should be allowed to be present during Mr. Hernandez's trial.  Mr. Hernandez has no objection
8  to this request so long as the Court allows its defense investigator, Maria Marcucilli, to also be
9  present during his trial.  Ms. Marcucilli, like the government's case agent, has been "essential
10 to the presentation of the [defendant's] case."  Fed. R. Evid. 615(a).

11       B.   **Mr. Hernandez Does Not Intend to Introduce or Argue to the Jury Punish-
12            ment, Education, Health, Age, Family Circumstances, or Finances to the
13            Jury Unless Such Evidence Is Relevant.**

14 Defense counsel recognizes that the jury is not permitted to consider punishment in
15 deciding whether the Government has proved its case beyond a reasonable doubt.  *See* Ninth
16 Circuit Model Criminal Jury Instruction 7.4.  Therefore, defense counsel will not make any re-
17 ference to punishment in front of the jury.

18 The Government asserts that defense counsel "should be prohibited from making
19 reference to or arguing about [Mr. Hernandez's] education, health, age, family circumstances,
20 [or] finances" to "improperly arouse . . . sympathy from the jury."  Docket #52, p. 6, ln 13-17.

21 Defense counsel is allowed to introduce such evidence when it becomes relevant.  *See*
22 Fed. R. Evid. 401.  Moreover, in order to introduce character evidence, Mr. Hernandez will be
23 required to lay a proper foundation for the witness's personal knowledge regarding his character.
24 *See generally* Fed. R. Evid. 901.  Therefore, defense counsel will only offer evidence of
25 education, health, age, family circumstances, or finances to the jury when it becomes relevant.

26
27
28

1  **C.    The Government Should Be Precluded From Offering Expert Testimony**
2  **Unless It Meets the Requirements Under Fed. R. Evid. 701, 702 and 703.**

3  The Government intends to offer "expert" testimony from a border patrol agent regarding
4  the significance of the "tandem" driving of the blue Ford Escort and the green Dodge 2500 pick-
5  up truck on April 6, 2008.  Docket #54, p. 7, ln 11-13. The Government states that the "agent
6  has testified in federal court on this topic previously." *Id*. at ln 15.

7  Mr. Hernandez objects to expert testimony regarding the significance of the two vehicles
8  following one another on April 6, 2008 for several reasons.  First, evidence of tandem driving
9  is hardly complex.  The jury is fully capable of deciding if the alleged tandem driving is relevant
10 to resolving an issue in dispute.  Second, the Government has failed to lay a proper foundation
11 that their border patrol agent can be qualified as an expert on the topic of alien smuggling.  The
12 Government's assertion that the "agent has testified in federal court on this topic previously"
13 is hardly a sufficient showing to qualify the agent as an expert.  Neither the defense nor the
14 Court can determine from the Government's proposition whether the agent testified at a grand
15 jury proceeding, a motion hearing, or a trial.  This information is clearly relevant to determining
16 whether the agent can be qualified as an expert at Mr. Hernandez's trial.  Third, even if the agent
17 is qualified as an expert, testimony regarding the significance of the tandem driving is only
18 admissible if it:  (1) is based on sufficient facts or data; (2) is the product of reliable principles
19 and methods; and (3) the witness has applied the principles and methods reliably to the facts of
20 the case.  Fed. R. Evid. 702.

21 For the foregoing reasons, Mr. Hernandez objects to the introduction of this expert testi-
22 mony unless and until the Government meets all necessary requirements under Fed. R. Evid.
23 701, 702, and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

24 **D.    Mr. Hernandez Does Not Object to the Introduction of Duplicates to the**
25 **Extent the Government Has Complied With Fed. R. Crim. P. 16.**

26 Mr. Hernandez has no objection to the introduction of duplicates so long as:  (1) the
27 duplicates are admissible under the Federal Rules of Evidence; (2) the Government can lay the
28 proper foundation to their introduction pursuant to Fed. R. Evid. 902; and (2) the Government

1  timely has turned over evidence in the form of the original or the duplicate pursuant to Fed. R.
2  Crim. P. 16.

3  Mr. Hernandez is confused as to which of the "all of the above-mentioned docu-
4  ments . . . were made by the case agent on the night of Defendant's arrest" because copies of all
5  the documents are not described or referenced in the Government's Motions In Limine.  See
6  Docket #52.  Therefore, before the Government attempts to introduce such duplicates, defense
7  counsel requests the Government be required to show defense counsel which duplicate it is
8  planning to introduce.

9        **E.**     **Evidence of Mr. Hernandez's Demeanor and Physical Appearance Should**
10              **Be Excluded Because Its Introduction Would Result in Undue Prejudice.**

11 The Government seeks to introduce "evidence regarding . . . [Mr. Hernandez's] de-
12 meanor and physical appearance" as circumstantial evidence that he knew his co-defendants
13 were smuggling undocumented persons.  Docket #52, p. 8, ln 9-22.  Although the Government
14 cites to several cases to support its argument for the admission of Mr. Hernandez's demeanor,
15 almost all of the cases cited deal with demeanor evidence regarding nervousness during
16 questioning.  *Id*. at ln 11-18.  There is no evidence that Mr. Hernandez was nervous during his
17 interrogation. In fact, the video-taped statement shows that Mr. Hernandez is tired and agitated.
18 Therefore, demeanor evidence is irrelevant and would be prejudicial.  *See* Fed. R. Evid. 401,
19 402, and 403.  The defense objects to this introduction of demeanor and physical appearance
20 evidence because its introduction would result in a due process violation.  *See Velarde-Gomez*,
21 269 F.3d 1023, 1028 (9th Cir. 2001) (holding that the district court erred in admitting post-
22 arrest, pre-*Miranda* demeanor evidence because the "government's evidence of lack of physical
23 or emotional reaction was tantamount to evidence of silence").  Therefore, any demeanor evid-
24 ence or physical appearance evidence that occurred after Mr. Hernandez's arrest but before re-
25 ceiving *Miranda* warnings should be inadmissible.

26 Moreover, evidence of Mr. Hernandez's physical appearance is also irrelevant and
27 prejudicial.  Mr. Hernandez was interrogated at 2:26 a.m. in the morning.  Bates Stamp ("BS")
28 16.  On the video-tape, he appears to be very tired.  Evidence of his physical appearance is

1  irrelevant to the facts of this case. If Mr. Hernandez had run away from border patrol like
2  Dominick Smith and Robert Barraza and looked beaten up, then physical appearance may have
3  been relevant to their culpability. However, we do not have those facts here. Here,
4  Mr. Hernandez was pulled over at the Golden Acorn Casino and interrogated in the early
5  morning hours on April 7, 2008.

6  For the foregoing reasons, the Court should preclude use of demeanor evidence and
7  physical appearance of Mr. Hernandez during his interrogation.

8  **F.   Mr. Hernandez Does Not Intend to Enter Inadmissible Character Evidence.**

9  At this time, Mr. Hernandez does not intend to offer any character evidence, let alone
10 character evidence of "law-abidingness" or truthfulness. *See* Docket #52, p. 24-25 (the Govern-
11 ment represents that the defendant "must restrict himself to evidence regarding 'law-abiding-
12 ness' and truthfulness").

13 Mr. Hernandez reserves the right to introduce relevant and admissible character evidence
14 if and when it becomes necessary to rebut the Government's introduction of evidence attacking
15 Mr. Hernandez's character. *See* Fed. R. Evid. 401, 404(a)(1), and 405.

16 **G.   Mr. Hernandez Does Not Intend to Call an Expert Witness.**

17 The Government seeks to preclude the defense from offering expert testimony absent a
18 pre-trial *Kuhmo* hearing. Docket #52, p. 9, ln 15-17.

19 Mr. Hernandez is not seeking to introduce expert testimony, making this motion in limine
20 moot.

21 **H.   The Court Should Preclude the Government From Introducing 404(b)**
22 **Evidence.**

23 For the reasons stated in his motions in limine, Mr. Hernandez requests the Court
24 preclude the Government from introducing 404(b) evidence. *See* Docket #49, pp. 8-11.

25 Regarding the Government's motion in limine to introduce its "anticipate[d]" 404(b)
26 evidence, Mr. Hernandez is not clear whether the Government's alleged 404(b) evidence actu-
27 ally pertains to him or his co-defendant, Isaac Espinoza. The only 404(b) evidence relating to
28 Mr. Hernandez that was given to defense counsel, is the 2004 border checkpoint incident,

thoroughly discussed in Mr. Hernandez's motions in limine. *See* BS 198-200; see also Docket #49. The Government has not provided defense counsel with any discovery suggesting that Mr. Hernandez was "involve[d] in an ongoing alien smuggling conspiracy, as a driver for the alien smuggling organization." Docket #52, p. 9, ln 24-26. Moreover, defense counsel has not been provided any information for its alleged "co-conspirator who is not a defendant in this case . . . the [Government] anticipates" will testify at trial. *Id*. at ln 27-28.

Mr. Hernandez objects to the introduction of such evidence for four reasons. First, there is no evidence the Government's "anticipate[d]" 404(b) evidence applies to Mr. Hernandez. Second, if the "conspiracy" 404(b) evidence applies to Mr. Hernandez, he objects to its introduction pursuant to Fed. R. Crim. P. 16. Third, even if the 404(b) evidence applies to Mr. Hernandez, it should be excluded because the Government cannot meet the four-factor test announced in *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). Fourth, if the anticipated 404(b) evidence does not apply to Mr. Hernandez and instead, applies to co-defendant Isaac Espinoza, Mr. Hernandez moves for preclusion under Fed. R. Evid. 401, 402, and 403, and *Crawford*'s Confrontational Clause grounds.

**I.     Mr. Hernandez Objects to the Introduction of His Audio-Taped Post-*Miranda* Statement Under Fed. R. Evid. 403.**

The Government seeks to introduce the "tape recording" of Mr. Hernandez's alleged post-*Miranda* statement. Docket #52, p. 10, ln 9-24.

Mr. Hernandez objects to the introduction of the alleged video-taped statement. If the Court allows its introduction, Mr. Hernandez will be prejudiced. *See* Fed. R. Evid. 403 (the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of undue prejudice . . . or needless presentation of cumulative evidence). Here, the government has probative evidence that Mr. Hernandez made post-arrest statements tending to show that he lied to agents. The Court can avoid the danger of unfair prejudice to Mr. Hernandez by excluding the video-tape. The Government will still be able to introduce the interrogating agent's testimony regarding Mr. Hernandez's alleged post-*Miranda* statements. This procedure would avoid *Doyle* error.

1    The tape-recording shows a tired, agitated Mr. Hernandez because he was being
2 interrogated at 2:26 a.m. If the jury views Mr. Hernandez on the video-tape, they may be likely
3 to find him guilty based solely on his appearance and tired affect. The video-tape is prejudicial
4 and the fact that the Government has probative evidence in the form of the interrogating agent's
5 testimony, supports the preclusion of the video-tape. Avoiding *Doyle* error also warrants ex-
6 cluding the video-tape.

7    If the Court does allow the Government to introduce the video-taped interrogation of
8 Mr. Hernandez, he moves for the introduction of the "deny knowledge" portion of the video-
9 taped interrogation under the Rule of Completeness. *See* Fed. R. Evid. 106 ("When
10 a . . . recorded statement or part therof is introduced by a party, an adverse party may require the
11 introduction at that time of any part or any other writing or recorded statement which ought in
12 fairness be considered contemporaneously with it"). Mr. Hernandez asserts his right to silence
13 and states he does not want to talk to the agents because he did nothing wrong. That statement
14 should be admitted to put his statements in perspective.

15    For these reasons, Mr. Hernandez moves for preclusion of the introduction of his alleged
16 video-taped post-*Miranda* statements. In the alternative, he requests the Court order the Gov-
17 ernment to play the entire video-taped statement which includes his statements that he no longer
18 wanted to talk to the agents because he did not do anything wrong.

19 **III.   CONCLUSION**
20    For the foregoing reasons, Mr. Hernandez respectfully requests the Court rule in his favor
21 regarding his response and opposition to the Government's motions in limine.

23 Dated: *August 11, 2008*                                  *s/Kurt David Hermansen*
24                                                          Attorney for Defendant
25                                                    Email: KDH@KurtDavidHermansen.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr1436 LAB |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| CUAUHTLAHTOUAC HERNANDEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, KURT DAVID HERMANSEN, am a citizen of the United States and am at least eighteen years of age. My business address is 110 West C Street, Suite 1810, San Diego, California 92101.

I have caused service of **DEFENDANT'S RESPONSE AND OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE.**

The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

**Kurt David Hermansen**: KDH@KurtDavidHermansen.com
**Frank M Murphy, III** fmlaw@san.rr.com, fmurphy1@san.rr.com
**Neil R Trop** neiltroplaw@hotmail.com
**Julie A Blair** julieannblair@hotmail.com
**U S Attorney CR** Efile.dkt.gc2@usdoj.gov
**Stephen Demik** stephen_demik@fd.org, sylvia_freeman@fd.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _August 11, 2008_          _s/Kurt David Hermansen_
                                         Attorney for Defendant
                                         Email: KDH@KurtDavidHermansen.com