Law Office of Kurt David Hermansen
Kurt David Hermansen, Cal. Bar No. 166349
110 West C Street, Suite 1810
San Diego, California  92101-3909
Telephone:   (619) 236-8300
Facsimile:     (619) 236-8400
Cellular:        (619) 436-8117
KDH@KurtDavidHermansen.com
Attorney for Defendant
CUAHTLATOUAC HERNANDEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  08cr1436 LAB |
|---|---|---|
| Plaintiff, | ) | DEFENDANT'S PROPOSED JURY INSTRUCTIONS |
| v. | ) | |
| CUAHTLATOUAC HERNANDEZ, | ) | |
| Defendant. | ) | |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND STEVEN DESAL-VO, ASSISTANT UNITED STATES ATTORNEY:

CUAHTLATOUAC HERNANDEZ, by and through counsel, Kurt David Hermansen, pursuant to Federal Rule of Criminal Procedure 30 and the Fifth and Sixth Amendments to the United States Constitution, requests the Court instruct the jury on the law as set forth herein.

A full copy of Mr. Hernandez's proposed jury instructions in "Word Perfect" form is being submitted directly to the court via efile_burns@casd.uscourts.gov.

Dated: *August 13, 2008*

Respectfully submitted,
s/*Kurt David Hermansen*
Attorney for Defendant
Email: KDH@KurtDavidHermansen.com

1    CUAHTLATOUAC HERNANDEZ requests the following jury instructions from the NINTH
2 CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL ("9TH CIR. CRIM. JURY INSTR."),
3 with exceptions noted in **_bold and italics:_**

4 **<u>PRELIMINARY INSTRUCTIONS</u>**

5    1. **<u>_MODIFIED_ 9TH CIR. CRIM. JURY INSTR. 1.2 (The Charge — Presumption of Inno-
6 cence)</u>**;[1/]

7 **<u>INSTRUCTIONS IN THE COURSE OF TRIAL</u>**

8    1.   9TH CIR. CRIM. JURY INSTR. **2.1** (Cautionary Instruction — First Recess);
9    2.   9TH CIR. CRIM. JURY INSTR. **2.2** (Bench Conferences and Recesses);
10   3.   9TH CIR. CRIM. JURY INSTR. **2.9** (Foreign Language Testimony); and
11   ~~4.   9TH CIR. CRIM. JURY INSTR. **2.10** (404(b) Other Crimes, Wrongs or Acts of Defendant);~~

13 **<u>INSTRUCTIONS AT THE END OF THE CASE</u>**

14   1.   9TH CIR. CRIM. JURY INSTR. **3.1** (Duties of Jury to Find Facts and Follow Law);
15   2.   9TH CIR. CRIM. JURY INSTR. **3.2** (Charge Against Defendant Not Evidence — Pre-
16 sumption of Innocence — Burden of Proof);
17   3.   ❏ (3.3 or 3.4) 9TH CIR. CRIM. JURY INSTR. **3.3** (Defendant's Decision Not to Testify);
18   4.   ❏ (3.3 OR 3.4) 9TH CIR. CRIM. JURY INSTR. **3.4** (Defendant's Decision to Testify);
19   5.   **_[Instead of 9TH CIR. INSTR. 3.5 (Reasonable Doubt — Defined)] Defendant Requests
20 Federal Jury Practice and Instructions § 12.10 (1997) (Reasonable Doubt — Defined)_**;
21   6.   9TH CIR. CRIM. JURY INSTR. **3.6** (What Is Evidence);
22   7.   9TH CIR. CRIM. JURY INSTR. **3.7** (What Is Not Evidence);
23   8.   **_<u>MODIFIED</u>_** 9TH CIR. CRIM. JURY INSTR. **3.8** (Direct and Circumstantial Evidence);
24   9.   9TH CIR. CRIM. JURY INSTR. **3.9** (Credibility of Witnesses);
25   ~~10.  9TH CIR. CRIM. JURY INSTR. **3.10** (404(b) Evidence of Other Acts of Defendant or Acts
26 and Statements of Others);~~
27   ~~11.  9TH CIR. CRIM. JURY INSTR. **3.11** (Activities Not Charged);~~

---

[1/]  See defense proposed jury instructions attached hereto for the elements of the offenses.

12. 9TH CIR. CRIM. JURY INSTR. **3.12** (Separate Consideration of Multiple Counts — Single Defendant);

13. 9TH CIR. CRIM. JURY INSTR. **3.20** (Jury to Be Guided by Official English Translation/Interpretation);

14. 9TH CIR. CRIM. JURY INSTR. **4.1** (Statements by Defendant);

15. ~~9TH CIR. CRIM. JURY INSTR. **4.3** (404(b) Other Crimes, Wrongs or Acts of Defendant);~~

16. 9TH CIR. CRIM. JURY INSTR. **4.4** (Character of Defendant);

17. ~~9TH CIR. CRIM. JURY INSTR. **4.6** (Impeachment, Prior Conviction of Defendant);~~

18. ~~9TH CIR. CRIM. JURY INSTR. **4.17** (Opinion Evidence, Expert Witness)[2/]~~;

19. **<u>MODIFIED</u> *9TH CIR. CRIM. JURY INSTR. 5.1 (Aiding and Abetting);***

20. **<u>MODIFIED</u> *9TH CIR. CRIM. JURY INSTR. 5.6 (Knowingly — Defined);***

21. ~~9TH CIR. CRIM. JURY INSTR. **6.8** (Intoxication—Diminished Capacity);~~

22. 9TH CIR. CRIM. JURY INSTR. **7.1** (Duty to Deliberate);

23. 9TH CIR. CRIM. JURY INSTR. **7.2** (Consideration of Evidence);

24. 9TH CIR. CRIM. JURY INSTR. **7.3** (Use of Notes);

25. 9TH CIR. CRIM. JURY INSTR. **7.4** (Jury Consideration of Punishment);

26. **<u>MODIFIED</u> *9TH CIR. CRIM. JURY INSTR. 7.5 (Verdict Form)***;

27. 9th CIR. CRIM. JURY INSTR. **7.6** (Communication with the Court); and

28. ***Theory of Defense*** Instruction

---

[2/] Mr. Hernandez objects to NINTH CIR. CRIM. JURY INSTR. 4.17 because any testimony regarding the significance of the alleged "tandem" driving does not qualify as expert opinion.

**I.     THIS COURT SHOULD GIVE EACH JUROR A SEPARATE COPY OF THE JURY INSTRUCTIONS OR AT LEAST SEND IN MORE THAN ONE COPY SO THAT ONE JUROR DOES NOT MONOPOLIZE THE INSTRUCTIONS**

Juries consist of lay people who are required to follow the law. Their responsibility becomes more difficult when all twelve jurors have access to only one copy of the jury instructions. Often each juror does not have an opportunity to even read or understand the critical instructions. Thus, jurors fail to understand the government's burden of proving a case beyond a reasonable doubt. Therefore, the court should permit each juror to have his or her own copy.

II.  **THIS COURT SHOULD MODIFY INSTRUCTION 1.2 OF THE NINTH CIRCUIT JURY INSTRUCTIONS BECAUSE THE BURDEN OF PROOF NEVER SHIFTS TO THE DEFENDANT**

Mr. Hernandez objects, in part, to Ninth Circuit Jury Instruction 1.2 because this preliminary instruction is a misleading and improper statement of the law. Mr. Hernandez specifically objects to the italicized portion of the first sentence in the last paragraphs which reads: "The defendant has pleaded not guilty to the charge[s] and is presumed innocent *unless and until proved guilty beyond a reasonable doubt*." 9TH CIR. JURY INSTR. 1.2 (emphasis added).

Mr. Hernandez has a right to have the presumption of innocence go with the jurors into the jury deliberation room. *United States v. Cummings*, 468 F.2d 274, 280 (9th Cir. 1972). "The presumption of innocence is not an ordinary evidentiary presumption." *Id.* It starts the accused off with a clean slate and is supposed to remain in tact, undiluted throughout the entire trial. *See id.* (stating that the presumption remains "throughout the trial" and goes "with the jury when it deliberates" and emphasizing that "[t]he presumption does not disappear when evidence to the contrary is received") *Id.*

The Court should not give a preliminary jury instruction that in any way dilutes the presumption of innocence. It is no accident that Ninth Circuit Jury Instruction 3.5 (Reasonable Doubt — Defined) is in Chapter 3 (Instructions at End of Case), which means the instruction is given after the close of all evidence. The reasonable doubt instruction is supposed to define the burden of proof, not dilute the presumption of innocence. It is for the jury to decided *during deliberations* whether the government has overcome the presumption of innocence by proving beyond a reasonable doubt all the elements of the crimes charged. *Mahorney v. Wallman*, 917 F.2d 469, 471 n.2 (10th Cir. 1990) (noting that the presumption of innocence "(1) remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and (2) is extinguished only upon the *jury's* determination that guilt has been established beyond a reasonable doubt."); *accord Merrill v. United States*, 338 F.2d 763, 768 (5th Cir. 1964) (finding that an accused has a right to have the jury take the presumption of innocence with them into the jury room). *See generally United States v. Braxton*, 877 F.2d 556,

1  562 (7th Cir. 1989); *United States v. Jorge*, 865 F.2d 6, 10 (1st Cir. 1989); *United States v.
2  Walker*, 861 F.2d 810, 813-14 n.14 (5th Cir. 1988); *Nelson v. Scully*, 672 F.2d 266, 269 (2d Cir.
3  1982); *Dodson v. United States*, 23 F.2d 401, 403 (4th Cir. 1928).
4      Mr. Hernandez submits that with a slight modification, the instruction is unobjectionable.
5  Thus, Mr. Hernandez respectfully requests that the Court delete the verbiage: "unless and until
6  proved guilty beyond a reasonable doubt" from Ninth Circuit Jury Instruction 1.2.

1  **III. THIS COURT SHOULD REPLACE INSTRUCTION 3.5 OF THE NINTH
2  CIRCUIT JURY INSTRUCTIONS WITH FEDERAL JURY PRACTICE AND
3  INSTRUCTIONS § 12.10 (1997)**

4  The Court should give Federal Jury Practice and Instructions § 12.10 because Ninth
5  Circuit Jury Instruction 3.5 fails to adequately explain that the burden of proof always rests with
6  the government and never shifts to the defendant. Therefore, the Court should give the
7  following instruction regarding reasonable doubt.

8  **Reasonable Doubt**

9  I instruct you that you must presume Mr. Hernandez to be innocent of the offense
10  charged. Thus, Mr. Hernandez, although accused of an offense in the indictment, begins the
11  trial with a "clean slate" — with no evidence against him. The indictment, as you already know,
12  is not evidence of any kind. Mr. Hernandez is, of course, not on trial for any act or crime not
13  contained in the indictment. The law permits nothing but legal evidence presented before the
14  jury in court to be considered in support of any charge against the defendant. The presumption
15  of innocence alone therefore, is sufficient to acquit Mr. Hernandez.

16  The burden is always upon the government to prove guilt beyond a reasonable doubt.
17  This burden never shifts to Mr. Hernandez for the law never imposes upon a defendant in a
18  criminal case the burden or duty of calling any witnesses or producing any evidence.
19  Mr. Hernandez is not even obligated to produce any evidence by cross-examining the witnesses
20  for the government.

21  It is not required that the government prove guilt beyond all possible doubt. The test is
22  one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense
23  — the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a
24  reasonable doubt must, therefore, be proof of such a convincing character that a reasonable
25  person would not hesitate to rely and act upon it in the most important of his or her own affairs.

26  Unless the government proves, beyond a reasonable doubt, that Mr. Hernandez
27  committed each and every element of the offense charged in the indictment, you must find
28  Mr. Hernandez not guilty of the offense. If the jury views the evidence as reasonably permitting

either of two conclusions — one of innocence, the other of guilt — the jury must adopt the conclusion of innocence.

**Federal Jury Practice and Instructions § 12.10 (1997)**

## IV. THE COURT SHOULD *MODIFY* NINTH CIRCUIT JURY INSTRUCTION 3.8 BECAUSE IT FAILS TO ADEQUATELY INSTRUCT THE JURY ON CIRCUMSTANTIAL EVIDENCE

Mr. Hernandez requests the Court add text from the California Jury Instructions. Unlike the Ninth Circuit Jury Instructions, CALCRIM 224, California's circumstantial evidence instruction, properly instructs the jury on its duty regarding circumstantial evidence. Therefore, Mr. Hernandez requests the Court include the following language at the end of Ninth Circuit Jury Instruction 3.8.

***Add the following after paragraph one of Ninth Circuit Jury Instruction 3.8:***

Before you rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence, and one of those reasonable conclusions points to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

**Comment**

*See* CALCRIM 224 — Circumstantial Evidence — Sufficiency of Evidence, ¶ 2.

V. **THIS COURT SHOULD MODIFY INSTRUCTION 5.1 BECAUSE, TO PROVE MR. HERNANDEZ GUILTY, THE GOVERNMENT MUST RELY SOLELY ON THE THEORY OF AIDING AND ABETTING**

The government cannot prove Mr. Hernandez guilty of transporting undocumented persons as a principle because no undocumented persons were found in or around his vehicle. Therefore, to convict Mr. Hernandez of transporting undocumented persons, the government must rely solely on the theory of aiding and abetting.

Mr. Hernandez requests the Court add the following paragraph to Ninth Circuit Jury Instruction 5.1:

*****Add the following language after paragraph six of Ninth Circuit Jury Instruction 5.1:*

In this case, the government has introduced evidence that Mr. Hernandez aided and abetted in the commission of the crimes as alleged in the Indictment. In order to convict Mr. Hernandez of the charged offenses, the government must prove beyond a reasonable doubt that Mr. Hernandez had the specific intent to facilitate the commission of the crimes committed by another. If you find that Mr. Hernandez did not act with the specific intent to facilitate the commission of the crimes by another, you must find him not guilty.

**Comment**

*See United States v. Delgado*, 35 F.3d 1061, 1065-66 (9th Cir. 2004) ("A conviction of aiding and abetting requires the government to prove . . . that the accused had the specific intent to facilitate the commission of the crime by another." Moreover, "to aid and abet another to commit a crime, the government must show not only that the defendant participated in the criminal venture, but that he intentionally assisted the venture's illegal purpose. *Id*.

Here, Mr. Hernandez is accused of being the "scout vehicle." He did not transport a single undocumented person on April 8, 2008. Therefore, the government must rely solely on the theory of aiding and abetting. But *see United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005) (finding that a specific intent instruction on aiding and abetting was not required when the jury returned a general verdict).

In *Garcia*, border patrol agents responded to a sensor alert triggered in the road near the United States/Mexico International border. *Id*. at 818. The agents intercepted two vehicles, one driving behind the other. *Id*. When the agents ordered each vehicle to stop, several individuals fled from each of the vehicles and attempted to flee. *Id*. The driver of one of the vehicles turned his truck around, and attempted to flee from the agents. *Id*. At some point, the man driving the fleeing truck abandoned the truck on the side of the road. *Id*. Agents later found Garcia "dazed" on the side of the road, with keys in his pocket that unlocked the abandoned truck. *Id*.

This case is wholly distinguishable from *Garcia*. In Garcia, there was evidence that Garcia was an actual principle in the offense, who actually transported undocumented people in the truck he abandoned. Unlike in *Garcia*, here, the government cannot offer two theories of criminal liability; criminal responsibility as a principle or as an aider and abettor. The government can only offer to the jury the theory that Mr. Hernandez was aiding and abetting since there is no evidence he actually transported any of the undocumented people found in the green Dodge Ram 2500 pick-up truck. The jury in this case cannot return a general verdict, which requires them to find that Mr. Hernandez specifically intended to facilitate the crimes committed by his co-defendants.

For the foregoing reasons, the Court should modify the Ninth Circuit's instruction on aiding and abetting.

## VI. THE COURT SHOULD DECLINE TO GIVE INSTRUCTION 5.6 AND GIVE DEVITT AND BLACKMAR'S INSTRUCTION ON "KNOWINGLY DEFINED"

Mr. Hernandez requests the Court give the following instruction regarding the definition knowingly:

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake, or accident, or other innocent reason.

As stated before, with respect to an offense such as charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction.

**Comment**

Devitt and Blackmar, 3d Ed., § 17.04

**VII.  THE COURT SHOULD MODIFY THE VERDICT FORM INSTRUCTION**

Mr. Hernandez objects to Ninth Circuit Jury Instruction 7.5 and requests that the instruction be amended as follows with bold text indicating additions and stricken-through text indicating deletions:

> A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] **If** ~~After~~ you ~~have~~ reach~~ed~~ unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

As written, the instruction creates a presumption that the jury shall reach a verdict. The requested modification clearly instructions that the verdict form is to be used only *if* the jury reaches a unanimous verdict.

## VIII. THE COURT SHOULD GIVE MR. HERNANDEZ'S THEORY OF DEFENSE IN-STRUCTION

Mr. Hernandez is entitled to a theory of defense instruction. *See United States v. Escobar de Bright*, 742 F.2d 1196, 1198 (9th Cir. 1984) ("A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence").

If the Court does not instruct on Mr. Hernandez's theory of defense, it will commit reversible error. *United States v. Smith*, 217 F.3d 746, 750 ("Where a defendant's theory is legally sound and supported by the evidence, it is reversible error for a court to refuse a theory of the defense").

Because Mr. Hernandez's theory of defense is legally sound and will be supported by the evidence, the Court will be reversed on appeal if it does not give the requested instruction. For the foregoing reasons, Mr. Hernandez requests the Court give the following theory of defense instruction:

> Mr. Hernandez's theory of defense is that he was merely present when Dominick Smith, Robert Barraza, and Isaac Espinoza committed the charged offenses. Because Mr. Hernandez was merely present when the crimes were committed and not involved in their commission, you must find Mr. Hernandez not guilty.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>CUAHTLATOUAC HERNANDEZ,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 08cr1436 LAB<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, KURT DAVID HERMANSEN, am a citizen of the United States and am at least eighteen years of age. My business address is 110 West C Street, Suite 1810, San Diego, CA 92101.

I have caused service of **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**.

The following recipients are currently on the list to receive e-mail notices for this case and have thus been served electronically at the following email addresses:

**Julie A Blair**, julieannblair@hotmail.com

**Steven D De Salvo**, steven.desalvo@usdoj.gov,marilyn.weaver@usdoj.gov

**Stephen Demik**, stephen_demik@fd.org,sylvia_freeman@fd.org

**Kurt David Hermansen**, KDH@KurtDavidHermansen.com

**Frank M Murphy, III**, fmlaw@san.rr.com,fmurphy1@san.rr.com

**Neil R Trop**, neiltroplaw@hotmail.com

Dated: *August 13, 2008*                     *s/Kurt David Hermansen*
                                                                          Attorney for Defendant
                                                      Email: KDH@KurtDavidHermansen.com