# 1. PRELIMINARY INSTRUCTIONS

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

1.1

This is a criminal case brought by the United States government. The government charges the defendant with <u>three counts of transporting an illegal alien</u>. The charge[s] against the defendant ~~[is]~~ [are] contained in the indictment. The indictment is simply the description of the charge[s] made by the government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must prove to make its case:

> *As for the charge in **<u>count 1</u>** of the Indictment, the government must prove each and every one of the following elements beyond a reasonable doubt:*
> > ***First**, Clemente Morales-Chaparro was an alien ;*
> > ***Second**, Clemente Morales-Chaparro was not lawfully in the United States;*
> > ***Third**, Mr. Hernandez knew or was in reckless disregard of the fact that Clemente Morales-Chaparro was not lawfully in the United States;*
> > ***Fourth**, Mr. Hernandez knowingly transported or moved, or attempted to move Clemente Morales-Chaparro in order to help him remain in the United States illegally.*

> *As for the charge in **<u>count 2</u>** of the Indictment, the government must prove each and every one of the following elements beyond a reasonable doubt:*
> > ***First**, Roberto Aguilar-Perez was an alien ;*
> > ***Second**, Roberto Aguilar-Perez was not lawfully in the United States;*
> > ***Third**, Mr. Hernandez knew or was in reckless disregard of the fact that Roberto Aguilar-Perez was not lawfully in the United States;*
> > ***Fourth**, Mr. Hernandez knowingly transported or moved, or attempted to move Roberto Aguilar-Perez in order to help him remain in the United States illegally.*

> *As for the charge in **<u>count 3</u>** of the Indictment, the government must prove each and every one of the following elements beyond a reasonable doubt:*
> > ***First**, Rogelio Oplea-Mendoza was an alien ;*

> **Second**, *Rogelio Oplea-Mendoza was not lawfully in the United States;*
> **Third**, *Mr. Hernandez knew or was in reckless disregard of the fact that Rogelio Oplea-Mendoza was not lawfully in the United States;*
> **Fourth**, *Mr. Hernandez knowingly transported or moved, or attempted to move Rogelio Oplea-Mendoza in order to help him remain in the United States illegally.*

*An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.*

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charge[s] and is presumed innocent. ~~unless and until proved guilty beyond a reasonable doubt~~. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

1.2 as ***Modified***

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are to be received into evidence; and

(3)     any facts to which all the lawyers stipulate.


1.3

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1.      statements and arguments of the attorneys;

2.      questions and objections of the attorneys;

3.      testimony that I instruct you to disregard; and

4.      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

1.4

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

1.5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

1.6

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

1.7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1.8

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

1.9

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.


1.10

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

1.11

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

1.12

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English [interpretation] [translation]. You must disregard any different meaning of the non-English words.

1.13

## 2   INSTRUCTIONS OF THE COURT DURING TRIAL

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [matron] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

2.1

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

2.2

You are about to hear testimony of a witness who will be testifying in a language other than English.  This witness will testify through the official court interpreter.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation of the witness's testimony.  You must disregard any different meaning of the non-English words.

2.9

You are about to hear testimony that the defendant previously committed other [crimes] [wrongs] [acts] not charged here. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.

2.10 **(OBJECT)**

# 3   INSTRUCTIONS AT END OF THE CASE

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

3.1

The indictment is not evidence. The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.


3.2

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.


3.3

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.


3.4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

3.5 **(OBJECT)**

I instruct you that you must presume Defendant to be innocent of the offense charged. Thus, Defendant, although accused of an offense in the indictment, begins the trial with a "clean slate" — with no evidence against him. The indictment, as you already know, is not evidence of any kind. Defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit Defendant.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to Defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense — the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Defendant committed each and every element of the offense charged in the indictment, you must find Defendant not guilty of the offense. If the jury views the evidence as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must adopt the conclusion of innocence.

FJPI § 12.10

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

3.6

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

3.7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

3.8 **(OBJECT)**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Before you rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty.  If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence, and one of those reasonable conclusions points to guilt, you must accept only reasonable conclusions and reject any that are unreasonable.

3.8 as ***Modified*** with CALCRIM 224

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.


3.9

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

3.10 **(OBJECT)**

The defendant is on trial only for the crime[s] charged in the indictment, not for any other activities.

3.11 **(OBJECT)**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.


3.12

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English [interpretation] [translation]. You must disregard any different meaning of the non-English words.

3.20

## 4   CONSIDERATION OF PARTICULAR EVIDENCE

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

4.1

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [*e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

4.3 **(OBJECT)**

You have heard evidence of the defendant's character for [*e.g.,* truthfulness, peacefulness, honesty, *etc.*].  In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.


4.4

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.


4.6 **(OBJECT)**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.


4.17 **(OBJECT)**

A defendant may be found guilty of transporting an illegal alien, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of transporting an illegal alien was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of transporting an illegal alien; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of transporting an illegal alien.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.


5.1 **(OBJECT)**

A defendant may be found guilty of transporting an illegal alien, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of transporting an illegal alien was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of transporting an illegal alien; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant was merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of transporting an illegal alien.

In this case, the government has introduced evidence that Mr. Hernandez aided and abetted in the commission of the crimes as alleged in the Indictment. In order to convict Mr. Hernandez of the charged offenses, the government must prove beyond a reasonable doubt that Mr. Hernandez had the specific intent to facilitate the commission of crimes committed by another. If you find that Mr. Hernandez did not act with the specific intent to facilitate the commission of the crimes by another, you must find him not guilty.

5.1 as ***Modified***

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

5.6 **(NEED MODIFICATION)**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

5.6 as ***<u>Modified</u>***

You may consider evidence of [intoxication] [abnormal mental condition] in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent to commit [*crime charged*].

6.8 **(OBJECT)**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

7.1

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.


7.2

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

7.3

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

7.4

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] **If** ~~After~~ you ~~have~~ reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

7.5 **(NEEDS TO BE MODIFIED)**

A verdict form has been prepared for you.  If you reach unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.


7.5 **as _<u>Modified</u>_**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

7.6

<u>Mr. Hernandez's theory of defense is as follows:</u>

Mr. Hernandez was merely present when Dominick
Smith, Robert Barraza, and Isaac Espinoza committed
the charged offenses.  Because Mr. Hernandez was
merely present when the crimes were committed and not
knowingly involved in aiding their commission, you
must find Mr. Hernandez not guilty.

Theory of Defense Instruction