KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No: (619) 557-7032
Attorneys for Plaintiff
steven.desalvo@usdoj.gov

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1436-LAB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUPPLEMENTAL BRIEF IN SUPPORT OF** |
| | ) | **MOTION IN LIMINE TO ADMIT** |
| | ) | **EVIDENCE UNDER FED. R. EVID. 404(B)** |
| CUAUHTLAHTOUAC HERNANDEZ, | ) | |
| | ) | |
| _____Defendant, | ) | |
| | ) | Date:   August 18, 2008 |
| _____ ) | | Time:  2 p.m. |
| | ) | Hon. Larry A. Burns |
| _____ ) | | Courtroom 9 |
| _____ ) | | |

The parties in the above-captioned case, UNITED STATE OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, hereby submit supplemental briefing in support of its motion in limine seeking the admission of Fed. R. Evid. 404(b) evidence.  This motion is supported by the attached Points and Authorities.


Dated: August 17, 2008                         Respectfully submitted,

                                               KAREN P. HEWITT
                                               United States Attorney

                                               /s/ Steven De Salvo

                                               STEVEN DE SALVO
                                               Assistant U.S. Attorney

1

2    <u>**POINTS AND AUTHORITIES IN SUPPORT OF CONTINUANCE**</u>

3    Rule 404(b) of the Federal Rules of Evidence permits evidence of prior crimes for purposes such

4    as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake

5    or accident." Fed. R. Evid. 404(b). The prosecution must prove that the evidence is probative of a

6    material issue in the case, and the probative value of the evidence must not be substantially outweighed

7    by the danger of unfair prejudice. <u>See</u> <u>United States v. Ramirez</u>, 967 F.2d 1321, 1325 (9th Cir. 1992).

8    In this case, the United States seeks to introduce evidence of Defendant's prior involvement in

9    alien smuggling, which is relevant to Defendant's knowledge of the smuggling event in this case.

10   Moreover, as Defendant's motion in limine brief makes apparent, Defendant is raising a third-party

11   culpability defense. He is claiming that he did not know that his co-defendants – including Isaac

12   Espinoza, the passenger in his vehicle – were engaged in alien smuggling. (All of his co-defendants

13   have pled guilty, and Defendant, in support of his defense, is seeking to admit evidence of their guilty

14   pleas at trial.) Therefore, evidence of Defendant's prior involvement in a alien smuggling is relevant

15   to establishing his knowledge of the alien smuggling in this case.

16   The evidence of Defendant's prior crimes falls into two categories: (1) testimony by a co-

17   conspirator that Defendant transported aliens in 2006, and (2) testimony from a Diana Becerra, a woman

18   who was arrested with Defendant in 2004 while attempting to smuggle aliens who were concealed in

19   the back of their vehicle at the San Ysidro Port of Entry. The first type of evidence is directly relevant

20   and is obviously admissible to prove his knowledge. <u>See</u> <u>United States v. Espinoza</u>, 578 F.2d 224, 227-

21   28 (9th Cir. 1978 (prior transportation of aliens was relevant to prove knowledge and intent in later

22   transportation of aliens.) As to the evidence of the 2004 event, the government expects that Ms. Becerra

23   will testify that she and Defendant, who was the passenger, knew the aliens were concealed in the car

24   and had attempted to smuggle the aliens for payment while crossing through the port of entry. However,

25   Defendant argues in his motion in limine that the 2004 arrest is too dissimilar and too remote to satisfy

26   the requirements of Fed. R. Evid. 404(b). However, case law supports its admission.

27   First, similarity between the prior act and the charged offense is <u>not</u> required. <u>Ramirez</u> clearly

28   held that, when offered to prove knowledge, "the prior act need <u>not </u>be similar to the charged act."

<u>Ramirez</u>, 967 F.2d at 1326. Rather, the test is whether "the prior act was one which would tend to make

existence of the defendant's knowledge more probable that it would be without the evidence." <u>Id</u>. In

1  <u>Ramirez</u>, the court allowed evidence that Defendant, who was charged with transporting aliens in a cargo

2  truck, previously had been seen on the premises of a load house where aliens were dropped off from a

3  cargo truck.  "While this [prior] act bore little similarity to the act of driving a truck," the 9th Circuit

4  held that the prior act tended to show that Ramirez was aware of, or at least acted in reckless disregard

5  of, the fact that the cargo truck he was driving when arrested contained illegal aliens.  <u>Ramirez</u>, 967 F.2d

6  at 1326.  Evidence of knowledge is particularly relevant when it contradicts an "innocent dupe" defense

7  by a defendant.  <u>See</u> <u>United States v. Bibo-Rodriguez</u>, 922 F.2d 1398, 1401-02)9th Cir. (1991) (evidence

8  of other drug smuggling event was admissible to show that defendant was not "duped" and must have

9  known he was carrying illegal drugs).

10        In this case, the evidence of the 2004 smuggling event helps to establish Defendant's knowledge

11  and contradicts his "innocent dupe" defense.  Defendant and the driver both knew about the smuggled

12  aliens in the 2004 smuggling event; Defendant therefore was previously familiar with alien smuggling

13  operations.  He had worked with a driver on a previous occasion to smuggle aliens.  This evidence tends

14  to prove that Defendant was not an "innocent dupe" four years later while driving the scout car.  While

15  in the prior event the aliens were located in Defendant's car and in the latter event they were located in

16  another load vehicle, not in Defendant's scout car, the prior event makes more probable that Defendant

17  knew about the alien smuggling operation.  It undermines his claim that he was "duped."  Therefore, the

18  evidence is admissible to prove knowledge.

19        Second, the evidence is not unfairly prejudicial.  "Unfair prejudice is measured by the extent to

20  which the testimony makes conviction more likely because it provokes an emotional response in the jury

21  or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its

22  judgment as to his guilt or innocence of the crime charged."  <u>Ramirez</u>, 967 F.2d at 1327.  In this case,

23  the prior smuggling event is not the sort of conduct that would provoke a strong and unfairly prejudicial

24  emotional response.  "Rather, it is prejudicial only to the extent that it tends to prove the fact justifying

25  its admission" – namely, that Defendant was not an innocent dupe but, in fact, knew about the illegal

26  aliens.  <u>See</u> <u>id</u>.  The evidence of the 2004 smuggling event is therefore admissible to prove knowledge.

27        Third, the 2004 event – which occurred in December 2004, less than four years ago – is not too

28  remote in time.  <u>See</u> <u>United States v. Houser</u>, 929 F.2d 1369, 1373 (9th Cir. 1991) (holding that four

years is not too remote under Rule 404(b)).

3

1

## <u>CONCLUSION</u>

2      For the reasons set forth above, the Government respectfully requests that the Court admit Rule

3  404(b) evidence relating to the 2004 smuggling event.

4      DATED: August 17, 2008

5                                          Respectfully submitted,

6                                          KAREN P. HEWITT
                                           United States Attorney
7

8                                          /s/ ***Steven De Salvo***
                                           STEVEN DE SALVO
9                                          Assistant United States Attorney
                                           Attorneys for Plaintiff
10                                         United States of America

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

8
9
10
11
12
13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1436-LAB |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| CUAUHTLAHTOUAC HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

14
15

IT IS HEREBY CERTIFIED THAT:

16

    I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

17
18

    I am not a party to the above-entitled action.  I have caused service of **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE TO ADMIT EVIDENCE UNDER FED. R. EVID. 404(B)** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

19

    Kurt Hermansen

20
21

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

22

    None

23

the last known address, at which place there is delivery service of mail from the United States Postal Service.

24
25

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on August 17, 2008.

26
27

               /s/ *Steven De Salvo*
               STEVEN DE SALVO

28